UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4093

LUIS CARLOS PIEDRA,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CR-96-30036)

Submitted: June 30, 1997

Decided: July 21, 1997

Before HAMILTON and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

John S. Hart, Jr., LEWIS, RUPLE, HART & TEMELES, Harrison-
burg, Virginia, for Appellant. Robert P. Crouch, Jr., United States
Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney,
Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Luis Carlos Piedra pled guilty to one count of interstate theft of freight, 18 U.S.C.A. § 659 (West 1976 & Supp. 1997). He appeals his 48-month sentence, alleging that the district court erred in departing upward without giving him prior notice that it was contemplating a departure on two of the three grounds on which the departure was based, and erred in failing to explain the extent of the departure. We vacate the sentence and remand for resentencing.

Piedra and five co-defendants broke into an Overnite Trucking Company terminal that was under surveillance because of several prior break-ins. His co-defendants brought two rental trucks into the facility to carry away stolen merchandise and were loading electronic equipment into one of the rental trucks when they were arrested. Piedra was arrested the next day near the terminal with a key to the motel room rented by one of his co-defendants and with burglary tools including a lock-picking device.

After Piedra's guilty plea, the probation officer calculated that the loss would have been over $800,000 had the theft been successful. He also noted in the presentence report that an upward departure might be warranted under United States Sentencing Commission, Guidelines Manual, § 4A1.3, p.s. (Nov. 1996), because Piedra committed the instant offense while he was on bond and awaiting trial in New Jersey for being in possession of a rental truck containing stolen electronics worth $100,000. See USSG § 4A1.3(e)(4).

At sentencing, there was no discussion of a possible departure until the district court announced its intention to depart from the guideline range of 24-30 months to a sentence of 48 months. As justification for the departure, the district court listed (1) "the extremely competent, capable organization of this offense," (2) the large amount of money

2

involved, and (3) the fact that Piedra was on bond for a similar offense when he committed the instant offense.

A defendant must have reasonable prior notice of a possible departure and the specific grounds on which the departure may be based. See Burns v. United States, 501 U.S. 129, 138 (1991). A departure made without notice generally requires resentencing. See United States v. Maddox, 48 F.3d 791, 799 (4th Cir. 1995).

Piedra had notice of a possible departure under USSG§ 4A1.3, but no notice that the district court might depart on other grounds. In his appeal brief, Piedra concedes that the district court could appropriately depart pursuant to USSG § 4A1.3. He argues that the first two grounds listed by the district court were invalid factors partly because he had no notice that the court might rely on them to depart. A departure based on both valid and invalid grounds may be sustained if the appeals court is convinced that the same sentence would have been imposed had only the valid factor been considered and the departure is reasonable. See Williams v. United States, 503 U.S. 193, 202-03 (1992). We find that, because the district court did not explain to what extent the decision to depart was based on Piedra's understated criminal history and, moreover, did not state any justification for the extent of the departure, see United States v. Gary, 18 F.3d 1123, 1131 (4th Cir. 1994), resentencing is required. We do not decide whether a departure was warranted on any of the grounds given by the district court.

We therefore vacate the sentence and remand for resentencing. On remand, the district court should give Piedra reasonable notice if it intends to depart on grounds other than criminal history. If a departure is made on any ground, the court should set forth its reasons for the extent of the departure. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3